```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Rafael Rodriguez

   v.                                       Civil No. 15-cv-294-PB

Michelle Goings, Warden,
Northern New Hampshire
Correctional Facility et al.[1]

## REPORT AND RECOMMENDATION

Presently pending in this court is defendants' motion for summary judgment (Doc. No. 19), filed on May 9, 2016. Plaintiff has not objected or otherwise responded to the motion.

The last communication the court had with plaintiff was when he appeared by video at a pretrial conference held on February 8, 2016. The last filing from plaintiff was docketed in this matter on January 11, 2016, when plaintiff filed a motion for a court-appointed translator (Doc. No. 10).

A notice (Doc. No. 21) the court sent to Rodriguez at the Northern New Hampshire Correctional Facility on October 6, 2016, has been returned to the court, undelivered, stamped "REJECTED" and marked "Paroled." See Doc. No. 22. Rodriguez has not

---

[1]Defendants currently in this case are Hillsborough County Department of Corrections ("HCDC") Superintendent David Dionne; HCDC Medical Department Administrator/Supervisor, Nurse Denise Ryan; HCDC physician, Dr. Quentin Turnbull; HCDC Corrections Officer ("C.O.") Michael Boyle; HCDC C.O. Charles Schwartz; HCDC Sgt. Anthony Vista; and HCDC Capt. Gifford Hiscoe.

apprised the court of a new address, as required by LR 83.6(e), since leaving the prison. It appears that Rodriguez has abandoned this action.

**Discussion**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)." Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007). A plaintiff's failure to diligently prosecute a case provides a basis for the court to dismiss a complaint sua sponte. Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir. 2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)); Fed. R. Civ. P. 41(b).

The court, mindful of "'the strong presumption in favor of deciding cases on the merits,'" García-Pérez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010) (citation omitted), considers the totality of the circumstances in determining whether dismissal for failure to prosecute is appropriate. See Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004). In particular, the court considers whether: (1) plaintiff prosecuted his claims diligently prior to his apparent abandonment of the lawsuit; (2) the court fairly warned

2

plaintiff of its inclination to dismiss absent diligent prosecution; and (3) the ramifications of the plaintiff's failure to prosecute "constituted misconduct sufficiently extreme to justify dismissal with prejudice." Id. internal quotation marks and citations omitted).

In this case, Rodriguez has failed to take any action in this matter since February 8, 2016, despite being aware that a summary judgment motion has been pending since May 9, 2016. This court's local rules clearly advise litigants appearing in this court that they must keep the court apprised of their current address. See LR 83.6(e). Further, the local rules state that "pro se parties who fail to provide the clerk's office with their current address . . . are not entitled to notice." Id.

> Dismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.... [W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits.

Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal citations and quotation marks omitted). In considering these factors, the court finds that a dismissal without prejudice is appropriate. Plaintiff's eight-month abandonment of the case and failure to update the court as to

3

his new address, in the face of a pending dispositive motion, while sufficient to allow the court to find that Rodriguez has failed to prosecute this matter, is not the type of conduct that would warrant a more severe sanction, such as dismissal with prejudice.

## Conclusion

For the foregoing reasons, the district judge should dismiss this case without prejudice, for failure to prosecute. Additionally, the district judge should deny the pending summary judgment motion (Doc. No. 19), as mooted by the dismissal of the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 26, 2016

cc:   Rafael Rodriguez, pro se
      Elizabeth Mulholland, Esq.
      Francis Charles Fredericks, Esq.